UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 20-CR-00250-001 (MJD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S |
| | ) | POSITION WITH RESPECT |
| | ) | TO SENTENCING |
| v. | ) | |
| | ) | |
| IVAN HARRISON HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

Defendant IVAN HUNTER through the undersigned counsel, hereby states his position with respect to sentencing factors.

Ivan Hunter was in Texas in May of 2020 when it was brought to his attention that demonstrations were ongoing in Minneapolis concerning the death of George Floyd. Further, he was informed that law enforcement was aggressively attempting to put down these demonstrations through the use of unnecessary force resulting in personal injury to citizens that were exercising their constitutional rights to protests government action. Ivan traveled to Minnesota in support of those citizens he heard, and believed, were being abused. Although he traveled unarmed he shortly obtained arms, notably, a semi automatic weapon for what he perceived to be self preservation reasons.

Ivan was a member of the Boogaloo Bois in Texas as well as a member of the Libertarian Party. It has been his long held belief that the less government the better it is for the governed. He is an ardent believer in what he perceives to be the Second and Fourth Amendment rights that

the Constitution has bequeathed to all of us.  He went to stand with those that he believed to be victimized by government forces that he instinctively distrusts.

Greatly impacting Ivan's thought process in these matters is the fact the he exists somewhere on the autism spectrum that has yet to be quantified.  Through many long months in local jails he has come to question his own beliefs. A cohesive therapeutic plan is needed and it is sincerely hoped that probation, supervised release or a combination of both can greatly aid in setting a direction for Ivan.

His most aggressive act once arriving in Minnesota was to discharge his weapon into the burning Third Precinct home quarters, only after he was sure that it had been emptied of its' inhabitants.  It was a symbolic act that he has certainly come to regret.  As he appears for sentencing in the matter at bar he fully understands the wrongfulness of his conduct but, where he began his misdirection remains a mystery to him.  Recent conversations with him evidence the fact that he now understands the difference between libertarianism and anarchy. One can be a sought after goal while the other cannot.

Incarceration in local jails for almost a year and a half has been difficult for Ivan.  He had difficulty adjusting to the populations he has tried to mix with.  He has been assaulted on several occasions and, this writer is informed he has refused to fight back.  That is a skill he has developed since his incarceration.  As  reported by his parents he has been in several environments in the past where he could not acclimate and survive.  On several occasions in the past he has had to change schools and his parents change residences because of Ivan's inability to adapt. Until this incarceration he had shown an inability to handle changes in circumstances that life hands all of us from time to time.

Several paragraphs in the PSIR need comment. Paragraph 17 states that Ivan was affiliated with Steven Carrillo, a thirty two year old former Air Force NCO who has pleaded guilty to the murders of law enforcement officers in Oakland, California. It is true that they were acquainted through facebook, both boogalooos, but had never associated with each other or been in each other's presence. Mr. Hunter should not be taxed with any penalty for that non-relationship.

Paragraph 19 is based upon unverified allegations and deserves no credit. His postings after he left Minneapolis in late May and early June are of no real significance. Paragraph 26 is important as the basis for our belief that his discharge of his firearm was symbolic and not evidence of intent to harm. The defendant and the Government's time line both evince an act done after the building was emptied.

Part C explains Ivan Hunter as a very different individual when compared to his peers. Early on he exhibited clear characteristics of his ultimate diagnosis of Asberger's Syndrome. But, it is important to understand, as well, that ultimate diagnosis only came after being mis-diagnosed for the vast majority of his life. It is common that many Russian children suffer from fetal alcohol syndrome. Ivan, being adopted as a Russian orphan with some of those characteristics was originally thought to suffer from that malady. He was not so afflicted. From there he was given a diagnosis of ADHD and later diagnosed with a variety of bi-polar disorders. He was treated for all of these conditions, none of which he suffered from. This continuing and ever changing misdiagnosis precipitated a changing series of mistreatments in a constant attempt to bring about normalization through medication. It didn't work. To say that his problems were exacerbated by his mid teen years of illegal drug abuse would be a rank understatement. His

drug of choice, LSD, could not have been worse.

One of Ivan's primary symptoms was his belief that his interpersonal relationships were closer than they really were. In other words a classic symptom of autism which doesn't allow the person to accurately judge his relationship with others. In Ivan's life an example was his elongated and profound grief over the tragic death of a female friend. As reported by his parents the depth and temporality of his reaction was inconsistent with their view of the relationship and resultant loss. His reaction included a return to drug abuse and then a descent into complete dysfunction. Again ejection from his family home.

A similar result took place when he traveled to Washington, D.C. seeking a political future. He was unsuccessful and when his mother went to the East Coast to bring him home he was homeless and deep again into drug abuse. Apparently, Senator Rand Paul was not as welcoming of Ivan's adulation as Ivan had hoped. Details of this foray into the world of politics are not easy to uncover.

Approximately a year after his return from Washington, Ivan enlisted in the Army. He did well for a while and then was discharged under terms that have not been able to be evaluated. It would seem to have been anticipated since common sense dictates that Asberger's and a military career do not blend well.

After his abbreviated stay in the military, of less than one year, he again tumbled into the drug world. Over the period of 2019-2020 Ivan held various odd jobs, involved himself in various failed treatment modalities and never did very well. His alliance with the very loosely structured Boogaloo Bois is a result of his many emotional and mental problems coupled with his continuing drug abuse. Until his arrest for this offense Ivan was headed down a path that would

only lead to self destruction.  Perhaps the best thing that could happen did happen.

It would appear that these eighteen months in county jails has been both difficult and beneficial for Ivan Hunter.  He has been injured several times, painfully but not seriously, has read voraciously, and interacted meaningfully with this writer.  Although long distance is difficult he is in a good relationship with his family and both marvels at and appreciates their support.  They are willing to welcome him home and support him in whatever treatment is both mandated and obviously necessary.

Based upon the length of time the defendant has spent in county jails and the verified mental and emotional problems that have impacted his thoughts and actions in the matter at hand we humbly ask for a substantial downward variance from the lowest level of the Guideline range of 37 months.  We have no challenges to that Guideline calculation as determined by Probation. We also ask the Court to consider that Ivan Hunter meant no harm and no harm resulted directly from his actions.

Dated: 03/22/2022

Respectfully Submitted,

*/s/ Joseph S. Friedberg*
Attorney for Defendant
701 Fourth Ave. South, Suite 300
Minneapolis, MN 55415
Tel:612-339-8626
Email: *joefriedberg@hotmail.com*